UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. HUTTO,<br><br>　　　　　Petitioner,<br>v.<br><br>JOHN MARSHALL, Warden,<br><br>　　　　　Respondent. | Civil No.07cv1210-BTM(NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 9] |

　　Petitioner William R. Hutto ("Petitioner"), a California state prisoner proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's Motion and Declaration for Appointment of Counsel [Doc. No. 9]. In support of his motion, Petitioner asserts that he requires the assistance of counsel due to the complex nature of the issues presented in his petition. In support of his motion, Petitioner states that he suffers from a mental impairment and takes medications that render him "virtually unable" to proceed without counsel. (*Petitioner's Motion*, 3.)

　　The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court determines that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing

on the petition. *Terrovona*, 912 F.2d at 1181; *Knaubert*, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254. The Court may also appoint counsel for the "effective utilization of any discovery procedure." Rule 6(a), 28 U.S.C. foll. § 2254.

     A district court does not abuse its discretion in denying a request for counsel "where the issues involved can be properly resolved on the basis of the state court record." *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993). The Court recognizes that attorneys can be very helpful in narrowing the issues, eliciting relevant information from the client, highlighting the record, and presenting the court with "a reasoned analysis of the controlling law." *Knaubert*, 791 F.2d at 729. However, as the court in *Knaubert* observed, "unless an evidentiary hearing is held, an attorney's skill in developing and presenting new evidence is largely superfluous; the district court is entitled to rely on the state court record alone." *Id.* Because a court considering a habeas petition must "inform itself of the relevant law" and "review the record and render an independent legal conclusion," it is generally the case that "the additional assistance provided by attorneys, while significant, is not compelling." *Id.* The Ninth Circuit has also indicated that "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *see also Knaubert*, 791 F.2d at 728-29.

     Here, the Court has not found it necessary at this time to hold an evidentiary hearing, nor has Petitioner established good cause to conduct discovery. In addition, a review of the petition demonstrates that despite any alleged intellectual or psychological deficiencies Petitioner has sufficiently represented himself to date. From the face of the petition and other documents in the Court's record, all of which were filed *pro se*, it appears that Petitioner has a good grasp of this case and the legal issues involved. *See, e.g., LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (finding that the district court did not abuse its discretion in denying a request for counsel when the petitioner's pleadings indicated "he had a good understanding of the issues and the ability to present forcefully and coherently his contentions"). The interests of justice do not compel the appointment of counsel at this time.

/ / /

/ / /

2

07cv1210-BTM(NLS)

1  Based on the foregoing, and taking into the account the current procedural posture of this case,
2  the Court finds that appointment of counsel is not appropriate or justified at this time. Accordingly,
3  Petitioner's motion requesting appointment of counsel [Doc. No. 9] is **DENIED** without prejudice.
4  **IT IS SO ORDERED.**
5  DATED:  September 13, 2007

*[signature]*
Hon. Nita L. Stormes
U.S. Magistrate Judge